Parker C. J.
delivered the opinion of the Court. By the statement of facts it appears, that when the demandant took his deed of mortgage he acquired only the equity of redemption of the mortgage to Day, and that subject to the lien which Billings had acquired by attachment. That attachment having ended in a judgment and sale of the equity on execution, the demandant’s right was reduced to a right to *139 redeem that equity within a year; and if he redeemed that, he would have a right to redeem the original mortgage to Day, by paying the notes which remain due. But he did not redeem nor make any tender within a year; so that if that sale of the equity was good, he has lost all his right; if void, he then has a right to redeem by paying off the two notes, because the tenant or those whom he represents, has become entitled by assignment to that which was assigned by Day to Grout, And as the tenant stands now in the place of the mortgagee, by virtue of the assignment of the mortgage, he has a right to require payment of the whole debt originally secured by the mortgage ; and he would hold as trustee of Billings the amount of the note which had been assigned by Day to him, and then showing that J. March had paid Billings on the sale of the equity, he would have a right to retain to the amount so paid.
The question then is on the validity of the sale of the equity ; and it is said to be void according to the decision of this Court in Atkins v. Sawyer; because the holder of a note or bond secured by mortgage shall not be allowed to satisfy his debt by a sale of the equity, and thereby reduce the time of redemption from three years to one, contrary to the original intent of the parties. In that case it was the mortgagee himself who sued the note and caused the equity to be sold 5[1] in this, it is an assignee, who, for aught that appears, took the note for a valuable consideration, and it may be, without any knowledge that it was secured by mortgage. It is true, that when he attaches the equity, he may be presumed to know that the note assigned to him was secured by the mortgage, though the record would inform him only that a note of like tenor and date was so secured. And if he took the note upon the expectation that it would be paid according to the terms of it, there does not seem to be any *140 reason why he should not avail himself of the right which any other creditor, save the mortgagee, would have, to procure satisfaction of his note from the equity of redemption. Is the negotiable quality of a promissory note destroyed or impaired by reason of its being secured by a mortgage of land ? Certainly not. It passes to the assignee with all its legal qualities. Shall the indorsee for valuable consideration be restricted in his rights to compel payment by attaching any of the property of the maker ? We do not perceive that to be the case. The difference between him and the mortgagee is, that the latter already holds the land by contract, in such manner as to give the mortgager certain legal rights as to the time and manner of defeating his estate, and therefore he ought not to be allowed to resort to process against the same land, which will necessarily abridge those rights. But no such contract, express or implied, is made with the indorsee, who is presumed to have taken the note in the manner such securities are usually transferred.[1]
The difficulty also would be greater to the purchaser of an equity thus sold, than, as suggested in Atkins v. Scaoyer, would occur when the mortgagee himself was the judgment creditor at whose instance the equity was sold, for in that case he might see by the record the relation in which he, for *141 whose use the equity was sold, stood to the mortgager; whereas if sold at the instance of the assignee of the note, he would learn nothing by the records, but that a similar note was secured by the mortgage. This is certainly a difficult question; but I am inclined to think the sale in equity in this case was valid in law, and that there is a reasonable distinction between this case and that of Atkins v. Sawyer.
It is true the mortgager may be subject to some of the Inconveniences suggested in that case ; but they are of his own creation, as they arise out of the form of the contract which he chose to make. In the form usually practised in regard to mortgages, until lately, these difficulties could not occur, for the collateral personal security was a bond, which not being assignable at law, the action upon it would be always in the name of the obligee, and the assignee in equity could avail himself of no means of enforcing payment from which the obligee would be restricted. So that mortgagers may protect themselves from having their time of redemption reduced, by giving bonds, or notes not negotiable, instead of negotiable notes, which have become so common a medium of business that their efficacy ought not to be restrained.
It may be objected, that it will be easy for mortgageés holding such securities, to effect the purpose which seems to have been intended in the case of Atkins v. Sawyer, by nominally assigning them to some friend who will attach the equity for their benefit; but all that the law can do, in regard to fraudulent practices, is, to avoid them when they are proved to exist. A possible, abuse is no reason against the soundness of a legal principle.
In determining that the sale of the equity on the execution of Billings was valid in law to pass the estate of the mortgager, subject to the mortgage existing before the attachment, it was necessarily determined that the mortgage to Day was then in force, notwithstanding the separation of the notes from the mortgage, for otherwise there would have been no equity to sell, the legal estate being in such case revested m the mortgager. But that could not be the case, for at the time of the mortgage to Crane, the condition of the first mortgage had been broken, and nothing but an equitable in *142 terest remained in the mortgager. The subsequent transfer °f the notes could not work a change of the title; on the contrary, according to the principles of equity courts, the mort-
gagee remained the trustee of those to whom he had assigned the debt, and in chancery he would be compelled, either to sue the mortgage, or to foreclose for the benefit of the assignee, or to assign the mortgage to the holder of the debt.[1] And if the power' of executing this equitable principle does not exist m the courts here, still the application of the principle cannot be denied, when the form of proof will admit of it.[2]

Judgment for tenant for costs.

 It has been decided in Maine, that if a judgment creditor extend his execution on land mortgaged for the same debt, and the debtor neglect to re deem for a year after the extent, the estate is absolute in the creditor, not withstanding the mortgage. Porter v. King, 1 Greenl. 297.
And in Massachusetts a mortgagee may attach and levy on the mortgaged .and for a debt not secured by the mortgage. Cushing v. Hurd, post, 253.

 It has been decided in New Hampshire, that when a mortgage is given to secure the payment of a note payable to bearer, the interest of the mortgagee in the land will pass by the mere delivery of the note, as an incident to the debt. Southerin v. Mendum, 5 N. Hamp. R. 420. And the assignee of the note may maintain an action on the mortgage in his own name, without any other evidence of the transfer. Id. See also, Paine v. French, 4 Ohio R. 320; Clearwater v. Rose, 1 Blackford, 138; Runyan v. Mersereau, 11 Johns. R. 534; Hatch v. White, 2 Gallison, 155; Jackson v. Blodget, 5 Cowen 202; Green v. Hart, 1 Johns. R. 580; Craft v. Webster, 4 Rawle, 242; 4 Kent’s Comm. (3d ed.) 193, 194; Crosby v. Bronson, 2 Day, 425; Austin v. Burbank, 2 Day, 474; 3 Powell on Mortg. (Rand’s ed.) 908 a, n. (1). Under the law as settled in the cases above cited, the difficulty experienced by the Court, in securing an interest in the mortgage to the assignee of the debt in the case m the text, would have been avoided; but at the same time they must have held the sale of the equity in that case invalid, because under the above decisions it would have fallen fully within the principle of Atkins v. Sawyer.
It is held in Maine, that the assignment of a mortgage must be by deed. Vose v. Handy, 2 Greenl. 322. So, it seems, in New Jersey. Den v. Dimon 5 Halsted, 156

 See next preceding note.

 See Goodwin v. Hubbard, 15 Mass. R. (Rand’s ed.) 318, n, (a)