Turley J.
delivered the opinion of the court.
The only question presented for consideration in this case, is whether the assignee of a note given in part of the consideration for' the purchase of land, to secure the payment of which the vendor reserved the legal title in" himself, giving to the vendee a bond to convey upon the payment of the purchase money, is by-virtue of the assignment entitled to have his debt satisfied by a decree of a court of chancery out of the land, there having been no assignment of the security thus reserved by the vendor.
It is argued that he' has not upon the authority of the case of Claiborne vs. Crockett, reported in 3 Yerger, page 27. It is true, that case does support the proposition contended for, the decision having been made upon a state of facts similar, to those existing in the present case; but we are not satisfied with the reasoning of the' court, and apprehend that the decision was made upon what we consider the erroneous supposition, that the vendor, when he reserved the title to secure the payment of the purchase money, had nothing but a mere lien upon the estate, as it is considered and treated throughout the opinion. The correctness of the opinion depends upon the truth of this propostion, for we concede, that if the vendor has a mere lien for the security of his debt, a transfer of the debt does not of itself transfer the lien. A lien, strictly speaking, is a charge upon property given by operation of law, without the agency of the person benefitted by it, in illustration of which may be mentioned, the lien which a vendor has upon the land conveyed, in the hands of the vendee or purchasers under him with notice, to receive the purchase money; the lien which a judgment creditor has upon the estate of his debtor, for a year after the rendition of his judgment; the lien which an inn-keeper has upon the horse of his guest to secure the payment of his bill, &c. In all these cases and others of a similar character, there is nothing but a mere lien, to secure the payment of a debt, which being created by operation of law, is confined to the person in whose favor it exists, and has no such connection with the debt, as to cause it to pass by an assignment thereof. That the court in the case of Claiborne vs. Crockett, considered the security to be of this *56 character, is evidenced, not only by its being so called, but a|s0 by the fact, that the authorities cited in support of the decision are all, in reference to liens of this description.
This makes it necessary for us to enquire whether the reservátion of title, by a vendor, is a mere lien, for the payment of the purchase money.
We are not able to draw any sensible distinction between the cases of a legal title conveyed to secure the payment of the debt, and a legal title retained to secure the payment of a debt. In both cases courts of chancery consider the estate only as security for the páyinent of the debt, upon the discharge of which, the debtor is entitled to a conveyance in the one instance and a re-conveyance in the other. We therefore think, that so far as the question in controversy is involved, the samerules of construction apply equally to a mortgage and an estate the legal title to winch is reserved by the vendor, to' secure the payment of the purchase money. In the case of Conrad vs. The Atlantic Insurance Company, 1 Peter’s Rep. 441, Judge Story, in delivering the opinion of the court, says — “it is true, that in the discussions of the courts of equity, a mortgage is sometimes palled a lien for a debt; and so it certainly is, and something more; it is a transfer of the property itself as security for the debt. This must be admitted to be true at law, and it is equally true in equity, for id this respect, equity follows the law; it does not consider the estáte of the mortgage as defeated and reduced to á mere lien, but it treats it as a trust estate, and according td the intention of the párties as a qualified estate and security. When the debt is discharged there is a resulting trust for the mortgagor. It is therefore only in a loose sense that it iá sometimes called a lien and then only by way of contrast td an estate absolute and indefeasible.” These principles apply with equal force to the cáse of a sale of lands, when the title is reserved by the vendor, so soon as the purchase money is paid, there is a resulting trust for the vendee, which is always enforced by a court of chancery:-/ In the case of a mortgage, the remedy is by bill to redeem, in the case of á sale without conveyance by bill for a specific performance of the contract; and as the land is considered only as security for the debt; *57 the parties have a natural right to ask the aid of the court of chancery to enforce the payment by a sale of the property.
The land then being a security for the payment, it follows, as we think by necessary analogy, that a transfer of the debt is a transfer in equity of the security. It has never been doubted that it is so in the case of a mortgage. In the case of Martin vs. Mowlin, 2 Burrow’s Rep. 979, Lord Mansfield says— “a mortgage is a charge upon the land; and whatever would give the money, will carry the estate in the land along with it to every purpose. The estate in the land is the same thing as the money due upon it. It will be liable to debts; it will go to executors; it will pass by a will not made and executed with the solemnities required by the statute of frauds. The assignment of the debt, or forgiving it, will draw the land after it as a consequence; nay, it would do it, though the debt were forgiven by parol; for the right to the land would follow, notwithstanding the statute of frauds.” In the case of Auston vs. Burbank, 2 Day, 474, it was held by the Supreme Court of Connecticut, that an assignment of the mortgage debt without a conveyance of the legal title would entitle the assignee to sustain-a bill for foreclosure. In the case of Green vs. Hart, 1 Johnson, 80, it was held by the Court of Errors, that where a debt is secured by mortgage and transferred by the mortgagee, he becomes a trustee for the benefit of the person having an interest in the debt. In thecase of Runyan vs. Mersereau, 11 Johnson, 534, the.Supreme Court says, that the assignment of a mortgage debt draws the land after it as a consequence.
The debt in these cases is considered as the principal, and the land as an incident only; they prove beyond a doubt, that the a'ssignee of a debt secured by a mortgage, is entitled to have it paid out of the mortgaged estate if need be, although he has had no assignment of the estate; they apply, as we think, with equal force to the case of an assignee of a debt secured by a reservation of the title by the vendeáf and we hold that in each case, the assignee may file a bill to subject the estate to the payment of his debt, although there has been no assignment of the estate to him, and that the case of *58 Claiborne vs. Crockett, so far as it conflicts with this view must be overruled.
Note. In Kentucky it has been decided that the assignee of a bond for pur chase money, tipon the sale of land, has'the same Hen that the purchaser had—4 Littell, 289, Kenny vs. Collins: 5 Monroe, 287, Eubanks vs. Poston, — as also has the assignee of a judgment recovered upon such bond, 4 Littell, 317, Johnson vs. Gwathmey, Bibb C. J. dissenting; 5 Monroe, 312. In the case in 4 Littell, 317, the vendor had conveyed the land in fee, and the vendee having sold and conveyed, the lien was set up at the suit of an assignee of one of the bonds, against the second purchaser, who Was held to have had implied notice of Ihe lien, because the deed to the vendee, from whom he purchased, recited that the money was secured to be paid in several instalments, some of which were not due at the debate of this purchase. The distinction taken in this case, therefore between the vendor’s equitable lien and his security by mortgage or by reservation of the title, is not admitted in Kentucky. But there is certainly a marked difference between the cases. In the one, the legal title still remains in the vendor; in the other, he has not even an equitable estate in the land. It is a bare right which has no existence, until it ia established by the d ecree of a court jn the particular case, 1 Mason, 221. Nevertheless, a reason does not readily occur why this right might not as well pass by force of an assignment of a security for purchase money, as an incident to the money, as the legal title in the case where it is taken back by mortgage, or simply reserved to the vendor.
The judgment of the Chancellor will be reversed and a decree given for the complainants' in conformity with this opinion.