Harris *v.* Williford *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

R. H. Ward, of Kingston, for appellant, May Hood Williford.

J. Ralph Tedder, of Rockwood, for appellant, O. B. Williford.

R. B. Cassell and R. L. Tindall, both of Harriman, for appellee, Harris.

Mr. Justice Chambliss delivered the opinion of the Court.

In 1930 George T. Hood for a valuable consideration executed and delivered to J. F. Evans, trustee for complainant Harris, a deed conveying the tract of land title to which is in controversy. This deed was not registered until May 11th, 1940. Meanwhile, Hood had died on November 17th, 1937, and H. C. Hood, his son and sole heir, had conveyed this tract to defendant O. B. Williford by deed dated April 15th, 1938, and registered June 6th, 1938. Thereafter O. B. Williford conveyed to May Hood Williford, by deed dated and registered June 7th, 1938. It is stipulated that both O. B. Williford and May Hood Williford are *bona fide* purchasers without notice.

This bill is filed by Harris praying that the title and right of possession be decreed to him and that the deeds to defendants O. B. and May Hood Williford be held fraudulent and void and cancelled as clouds.

The case was heard on a stipulation of facts and the chancellor granted complainant the relief prayed. Defendants appeal.

As will have been seen, the contest is between Harris, the holder of an unregistered deed, and the Willifords,

holders of and under a deed executed by a son and heir of the grantor to Harris.

■ It is apparently conceded by learned counsel for defendants, appellants here, that independent of Chapter 122, Acts of 1937, complainant has the better title. Whatever doubt may have theretofore existed, it was definitely settled in *Wright* v. *Black,* 159 Tenn., 254, 17 S. W. (2d), 917, that an unregistered deed is good against all persons except (1) *bona fide* purchasers from the vendor and (2) creditors of the vendor. That case decided that a creditor of an heir of a vendor who had conveyed land during his lifetime could not maintain a claim as against the holder of an unregistered deed; and the case is authority for the proposition that an heir can convey no title as against such a holder of such an unregistered deed.

However, appellants insist that Chapter 122, Acts of 1937, applies and controls. It reads as follows:

"An act to amend Section 7668 of the Code of Tennessee, 1932, the same being 'An Act to revise and codify the general and public Statutes of the State of Tennessee,' which section prescribes the effect of unrecorded instruments entitled to registration under the law of the State of Tennessee, upon the rights of creditors and purchasers from the maker, so as to protect the interests of innocent purchasers for a present valuable consideration from persons who would, but for said unrecorded instrument, succeed in law to the title of the maker.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 7668 of the Code of Tennessee for the year 1932 be amended by adding thereto immediately following the present wording of said section, the following to wit:

"Any such instrument entitled to registration which is not duly registered prior to the expiration of ninety days following the death of the maker of any such instrument, shall be null and void as to innocent purchasers for a present valuable consideration from such person or persons as would succeed to the rights of the decedent to such property in respect to which said unrecorded instrument was executed, but for the execution of said instrument by the decedent; provided, however, the holder or any person entitled to the benefits of any such unrecorded instrument shall have a right of action against any such transferers for the reasonable value of any such property transferred to the extent of the interest of the holder therein if brought within one year of the recording of the instrument made by such transferers, (if the instrument by which said transfer is made is required to be recorded for the protection of the purchaser under the laws of Tennessee), otherwise said action shall be brought within one year from the consummation of such sale or transfer.

"Section 2. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it.

"Approved March 5, 1937."

This act was passed some seven years after the deed under which complainant's claim was executed by George T. Hood, and some three years before it was registered. Also, it was enacted some eight months before George Hood died and about twelve months before his son and heir executed his deed to defendant Williford. These dates are important, in view of the contention of appellant that this act should be construed to apply retrospectively and limit the rights of the holder of the unregistered deed in this case, so as to subject him to

the requirement of this amendment, that he shall register his deed within ninety days of the death of his grantor, or lose his priority rights thereunder in favor of the grantee of the heir.

The reply is that by the terms of the statute, Code, section 7665, in force when the deed was executed by George Hood, it took "effect between the parties to the same, and their heirs and representatives, without registration;" and also by Code, section 7668, it was provided, as construed by this court, that such an unregistered deed was valid and good except as to creditors of or *bona fide* purchasers from the maker.

It seems clear that complainant, upon execution and delivery of the deed by George Hood in May, 1930, acquired a vested right in the land conveyed, subject to be involuntarily divested out of him in one of two ways only, by a deed by the maker to an innocent purchaser, or a levy by creditors of the maker. If this act passed seven years later applies to this transaction then it incorporates into the contract evidenced by this deed a new condition, or limitation upon its effect, and opens up a new way by which the grantee may suffer loss. To read this act into this contract is to confer upon an heir of the grantor party to it a right which was not within the terms of the contract, the existing statute, or the contemplation of the parties.

It is well settled general law that, "If a retrospective statute . . . impairs the obligation of contracts or divests vested rights . . . such an act will be unconstitutional and void." Section 101, Black on Interpretation of Laws, Chapter 9, p. 248.

It is also well settled that, "If giving to a statute a retrospective operation would make it conflict with the Constitution," as repeatedly held by this court, "such

a result will be avoided, if possible, by construction.''
Section 102 of Black on Interpretation of Laws, Chapter
9, p. 248.

Appellants invoke and rely on *Snider* v. *Brown* (Tenn.
Ch. App.), 48 S. W., 377, 379, et seq., opinion by Wilson,
J. That case is to be distinguished in several respects.
It was there held that it was the intent of the Legislature
that the Act of 1895, Chapter 38, should have a retro-
spective effect, in so far as necessary to apply it to the
facts of that case. That act amended the statute of limi-
tations as to real property (Code, sections 8582, 8583)
so as to require that assurances of title shall be registered
in order to effectively vest title by seven year possession.
Again, in that case the contest was between a claimant
by right of adverse possession, and creditors of the
grantor to the claimant by possession; while here the
contest is between a purchaser holding under a deed
from the owner which by statute took effect upon its
delivery and an heir of the maker as to whom the out-
standing conveyance was effective by the terms of the
statute. The opinion recited and rested on the predi-
cate that the ''rights and titles'' of the claimant by pos-
session ''had not been perfected by such holding,'' as
this claimant relied on. The court went on to say that,
''it is competent for the legislature to pass retrospective
laws. Such laws, unless they impair the obligation of
contracts, or operate to divest or interfere with what are
legally defined to be vested rights, are not obnoxious to
either the federal or state constitution.'' It is obvious
that the court assumed in giving effect to the amendment,
although retrospective, that no vested rights were in-
volved or impaired. Here is the essential distinction
between that and the instant case in which we have

found that vested rights are involved and would be impaired, if the Act of 1937 were given a confessedly retrospective effect.

We are constrained to decline to give to this act a retrospective interpretation, despite the stipulation that the appellants are *bona fide* purchasers, free from fraud in fact. It results that we find no error in the conclusion reached by the chancellor, and his decree must be affirmed.