In re Jimmy Odell CLIMER and Suzette Climer, a/k/a Mrs. Jimmy Climer, Bankrupts.

HARDEMAN COUNTY SAVINGS BANK et al., Appellants,

v.

David S. KENNEDY, Trustee, etc., Appellee.

No. 77–2500.

United States District Court, W. D. Tennessee, Western Division.

Sept. 22, 1977.

William Gotten, Memphis, Tenn., for debtors.

James S. Shields, Memphis, Tenn., for appellants.

David S. Kennedy, Memphis, Tenn., for appellee.

## ORDER

WELLFORD, District Judge.

This is an appeal from a judgment of the Bankruptcy Court. Oral argument on the appeal was requested and was heard on September 16, 1977, and the Court has also considered the respective memoranda and briefs.

The findings of facts by the Bankruptcy Judge are not disputed on appeal. On August 13, 1975, appellant, Hancock Investment Co., Inc. ("Hancock"), entered into an agreement with the bankrupts, Jimmy O. Climer and Suzette J. Climer, wherein the bankrupts were to purchase unimproved real property from Hancock for the price of $9,575.00. The cash down payment was $575.00; the unpaid balance of purchase price was $9,000.00; and the finance charge was $5,272.80; and the total deferred payment price was $14,847.80. This agreement is commonly known as an "Installment Land Sale Contract." Hancock agreed, upon receipt in full of the total deferred payment price from the bankrupts, to convey said real property to the bankrupts by a general warranty deed.

The bankrupts also executed a "Monthly Installment Amortized Note With Prepayment Privilege" in favor of Hancock wherein the bankrupts agreed to pay Hancock the principal sum of $9,000.00, together with interest thereon at the rate of 10% per annum from September 1, 1975, until maturity. The principal and interest were to be payable in installments of $118.94 beginning on October 1, 1975, and a like amount on the first day of each and every month thereafter until paid in full. No mortgage or deed of trust was executed to secure the note; and the bankrupts never recorded the installment land sale contract.

On December 3, 1975, the bankrupts executed a note and deed of trust in favor of Hardeman County Savings Bank of Bolivar, Tennessee ("Bank"). Said trust deed was recorded and the bankrupts then caused to be constructed on the real property in question a 3 bedroom, 2½ bath and den home, and there is no question but that said Bank is entitled to be treated as a secured creditor.

On February 4, 1977, the bankrupts filed voluntary petitions and thereafter a trustee was appointed to their estates. The trustee sold the land in question, with Court permission, for $49,100.00. The issue before the Bankruptcy Judge was the validity of Hancock's claim to $8,666.57 of the proceeds in satisfaction of the unpaid balance on the note executed with the land sale contract. The Bankruptcy Judge ordered Hancock to return to the trustee the $8,666.57 it had provisionally received holding that Hancock was not entitled to security creditor status. Hancock's claim based on the note was required to be filed as a general unsecured creditor claim.

The issue before this Court on appeal is whether the Bankruptcy Judge applied erroneous principles of law and equity to the essentially agreed facts. The Bankruptcy Judge reasoned that the installment land sale contract was in actuality a security device and that appellant, Hancock, occupied a mortgagee status thereunder, citing old Tennessee decisions, *Tharpe v. Dunlap*, 51 Tenn. 674 (1871); *Hines v. Perkins*, 49 Tenn. 395 (1871); and *Anthony v. Smith*, 28 Tenn. 508 (1848). The Bankruptcy Judge further pointed to the explicit language to the contract manifesting the parties' intention that the contract operate as a security agreement.[1]

The Bankruptcy Judge also reasoned that due to the operation of TCA §§ 64–2401 and 64–2601 the installment land sale contract was ineffective as a security agreement against the appellee trustee in bankruptcy. TCA § 64–2601 states that an instrument capable of being registered under TCA § 64–2401 (including both agreements to convey real property and all mortgages and

---

1. "This transaction is secured by Seller's retention of title to the lot..."

trust deeds) is always effective as between the immediate parties. If unrecorded, however, the instrument has no effect as to persons without actual notice of it. Since § 70(c) of the Bankruptcy Act [11 U.S.C. § 110(c)] gives the trustee the status of a hypothetical judicial lien creditor without notice upon filing of the petition, TCA § 64–2601 [2] was deemed to protect the trustee against the assertion of an unrecorded security device, and thus the trustee would prevail over Hancock's claim as a secured creditor.

The claimant, Hancock, on the other hand relies upon TCA § 64–2603 [3] in that it refers to the effect of failure of registration of such an instrument "as to creditors of, or bona fide purchasers from the *makers* without notice," (emphasis added) in conjunction with the clause in TCA § 64–2601 "unless otherwise expressly provided." Hancock argues that since the trustee is not in a position as a creditor or bona fide purchaser of the maker of a conveyance of title under Tennessee law, he cannot prevail; further, that the trustee cannot assume a position of greater standing than the bankrupt who is bound by the contract between the parties. Appellant's position is indeed sustained by Tennessee Courts. *Wright v. Black*, 159 Tenn. 254, 17 S.W.2d 917 (1929); *Bryant v. Bank of Charleston*, 107 Tenn. 560, 564, 64 S.W. 895 (1901); *Leech v. Hillsman*, 76 Tenn. 747, 750, 751 (1882); and *Harris v. Williford*, 179 Tenn. 299, 165 S.W.2d 582 (1942).

The rationale behind the distinction in treatment of bona fide purchasers from the maker and the grantee is that the burden is cast upon the latter to effect a recordation to protect his rights and those standing in his position subsequently. Also, in this type of case involving an unrecorded purchase installment contract, anyone seeking information as to title may check to discover the record titleholder; such interested person is put on notice as to the legal titleholder's interest—Hancock—in this instance. No bona fide purchaser from or creditor of the Climers should have been surprised to know that Hancock—of record—maintained an interest in the property.

To assert or protect the buyer's interest, suit could be brought to realize as a matter of equity the buyer's rights, if any, in the property. The forfeiture clause in the contract would necessarily have to withstand judicial scrutiny before it could be enforced by the vendor, which here does not attempt to eliminate any equity the Climers may have or have had at the time of bankruptcy. Therefore, even if Hancock, the vendor or maker, stands in a position as mortgagee, it retained legal title, not merely an equitable title, and may enjoy the benefits of Tennessee law as to its legal status in the absence of registration of the installment contract. See *Ferguson v. Blood*, 152 F. 98 (9th Cir., 1907); *Graham v. McCampbell*, 19 Tenn. 52 (1838); and *Hines v. Perkins, supra.*

There is no federal law upon which the trustee may rely to override the effect of Tennessee law on this Tennessee transaction involving real property in this State. The trustee argues that this form of "security device" should be suspect and that some commentators and courts have been disposed to construe them most strongly against the seller. See *Hoffman v. Semet*, 316 So.2d 649 (Fla.App.1975), for example, but even so, the courts have generally indicated that the rights of the vendee, his equity, may be sought out or reached by his creditors prior to default by the vendee. In a bankruptcy situation of the vendee, that court of equity will seek to preserve the vendee's interest for the benefit of creditors

---

**2.** 64–2601. *"Effect of instruments with or without registration.*—All of the instruments mentioned in § 64–2401 shall have effect between the parties to the same, and their heirs and representatives, without registration; but as to other persons, not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided."

**3.** 64–2603. *"Unregistered instruments void as to creditors and bona fide purchasers.*—Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from, the makers without notice."

as in the case of personal property subject to a title retention contract, even after default.

The Court is persuaded, then, that the decision of the Honorable Referee in Bankruptcy is erroneous and that Hancock is entitled to a secured status in the property in question. It is for the legislature to amend the property laws of Tennessee, not the Courts, if the result as to the vendees and their creditors in this type of security situation is unsatisfactory. The effect of this decision, however, is not to disturb the conclusion that the Climers are entitled to a homestead exemption.

Let judgment be submitted accordingly.