In re Bobby Terry JOHNSON and Betty Ruth Johnson, Debtors.

Robert H. WALDSCHMIDT, Trustee, Plaintiff,

v.

Bobby Terry JOHNSON, Betty Ruth Johnson and Leonard Melton, Ind. & d/b/a Melton Realty, and Martha T. Melton, Defendants.

Bankruptcy No. 380–00891.
Adv. Proc. No. 380–0454.

United States Bankruptcy Court, M. D. Tennessee.

Feb. 6, 1981.

Robert H. Waldschmidt, Nashville, Tenn., for plaintiff.

William P. Jones, Hendersonville, Tenn., for defendant Betty Ruth Johnson.

James W. Stinnett, Jr., Ashland City, Tenn., for Leonard Melton, Ind. & d/b/a Leonard Melton Realty and Martha T. Melton.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This matter is before the court upon a complaint filed by the trustee seeking to sell a certain tract of real property free and clear of all liens pursuant to 11 U.S.C. § 363(f).

On August 25, 1975, the debtors and defendant Leonard Melton entered into an "Installment Contract of Sale" providing for the sale to the debtors of a 2.5-acre tract of real property improved with a modest residence. The debtors made a down payment of $300 and in the contract agreed to pay Melton in installments of $150 per month the purchase price of $14,950 plus interest thereon at the rate of nine percent per annum. Record title to the property remained in Melton.[1] According to the contract, Melton was to convey title to the tract to the debtors by a general warranty deed only after having received the full deferred purchase price. The "Installment Contract of Sale" was not recorded.

The trustee asserts that Melton retained legal title to the tract merely as security for payment of the purchase price and that his status with respect to the property thus is comparable to that of a seller of personal property who retains title under an installment sale contract. The trustee, asserting his rights under § 544(a), seeks to prevail over Melton by virtue of the latter's having failed to record the installment sale contract.

It is true that the Uniform Commercial Code substantially curtails the significance of title in determining the rights of the parties relative to a sale of goods. *E. g., In re Overbrook & Barson's, Inc.*, U.C.C.Rep. Serv. 546, 552 (E.D.Pa.1968) (B.J.); *William*

*F. Wilke, Inc. v. Cummins Diesel Engines, Inc.*, 252 Md. 611, 250 A.2d 886, 6 U.C.C. Rep.Serv. 45 (1969); *Sheekin v. Giant Food, Inc.*, 20 Md.App. 611, 318 A.2d 874, 14 U.C. C.Rep.Serv. 892 (Ct.Spec.App.1974), *aff'd sub nom. Giant Food, Inc. v. Washington Coca-Cola Bottling Co.*, 273 Md. 592, 332 A.2d 1 (1975). Article 9 of the Uniform Commercial Code, however, does not apply to the creation of an interest in or a lien on real property. Tenn.Code Ann. § 47–9–104(j) (1979); Official Comment 4, Tenn. Code Ann. § 47–9–102(3). With real property, title remains paramount. *See* Official Comment 4, Tenn.Code Ann. § 47–9–102(3).

An unreported decision by the United States District Court for the Western District of Tennessee, *Hardeman County Savings Bank v. Kennedy (In re Climer)*, No. 77–2500 (W.D.Tenn., Sept. 22, 1977), which has been affirmed by the court of appeals in another unreported opinion, No. 77–1681 (6th Cir., Dec. 17, 1979), *cert. denied*, 445 U.S. 964, 100 S.Ct. 1654, 64 L.Ed.2d 240 (1980), is dispositive of the issue before the court. In *Kennedy* the bankrupts had purchased real property pursuant to a similar installment land sale contract. The bankrupts' trustee resisted the seller's claim to the unpaid balance due under the contract on the ground that the contract was ineffective against a trustee in bankruptcy because it had not been recorded. The bankruptcy judge held at 3 Bankr.Ct.Dec. 631 that the creditor's rights were subordinate to those of the trustee's. The district court reversed the bankruptcy judge's holding on appeal in an unreported decision, the pertinent paragraphs of which follow.

The Bankruptcy Judge reasoned that the installment land sale contract was in actuality a security device and that appellant ... occupied a mortgagee status thereunder, citing old Tennessee decisions, *Tharpe v. Dunlap*, 51 Tenn. 674 (1871); *Hines v. Perkins*, 49 Tenn. 395 (1871); and *Anthony v. Smith*, 28 Tenn. 508 (1848). The Bankruptcy Judge fur-

---

1. Actually title remained in Melton and his wife (see Exhibit 2), but she acknowledged that he had full authority to dispose of her interest.

ther pointed to the explicit language [of] the contract manifesting the parties' intention that the contract operate as a security agreement.

The Bankruptcy Judge also reasoned that due to the operation of TCA §§ 64–2401 and 64–2601 the installment land sale contract was ineffective as a security agreement against the appellee trustee in bankruptcy. TCA § 64–2601 states that an instrument capable of being registered under TCA § 64–2401 (including both agreements to convey real property and all mortgages and trust deeds) is always effective as between the immediate parties. If unrecorded, however, the instrument has no effect as to persons without actual notice of it. Since § 70(c) of the Bankruptcy Act [11 USC § 110(c)] gives the trustee the status of a hypothetical judicial lien creditor without notice upon filing of the petition, TCA § 64–2601 was deemed to protect the trustee against the assertion of an unrecorded security device, and thus the trustee would prevail over [the appellant's] claim as a secured creditor.

The claimant [appellant] on the other hand relies upon TCA § 64–2603 in that it refers to the effect of failure of registration of such an instrument "as to creditors of, or bona fide purchasers from the *makers* without notice," (emphasis added) in conjunction with the clause in TCA § 64–2601 "unless otherwise expressly provided." [Appellant] argues that since the trustee is not in a position as a creditor or bona fide purchaser of the maker of a conveyance of title under Tennessee law, he cannot prevail; further, that the trustee cannot assume a position of greater standing then the bankrupt who is bound by the contract between the parties. Appellant's position is indeed sustained by Tennessee Courts. *Wright v. Black*, 159 Tenn. 254 [17 S.W.2d 917] (1929); *Bryant v. Bank of Charleston*, 107 Tenn. 560, 564 [64 S.W. 895] (1901); *Leech v. Hillsman*, 76 Tenn. 747, 750, 751 (1882); and *Harris v. Williford*, 179 Tenn. 299 (1942), 79 S.W.2d 582 [165 S.W.2d 582].

The rationale behind the distinction in treatment of bona fide purchasers from the maker and the grantee is that the burden is cast upon the latter to effect a recordation to protect his rights and those standing in his position subsequently. Also, in this type of case involving an unrecorded purchase installment contract, anyone seeking information as to title may check to discover the record titleholder; such interested person is put on notice as to the legal titleholder's interest —[appellant]—in this instance. No bona fide purchaser from or creditor of the [bankrupts] should have been surprised to know that [appellant]—of record—maintained an interest in the property.

To assert or protect the buyer's interest, suit could be brought to realize as a matter of equity the buyer's rights, if any, in the property. The forfeiture clause in the contract would necessarily have to withstand judicial scrutiny before it could be enforced by the vendor, which here does not attempt to eliminate any equity the [bankrupts] may have or have had at the time of bankruptcy. Therefore, even if [appellant], the vendor or maker, stands in a position as mortgagee, it retained legal title, not merely an equitable title, and may enjoy the benefits of Tennessee law as to its legal status in the absence of registration of the installment contract. See *Ferguson v. Blood*, 152 F. 98 (9th Cir., 1907); *Graham v. McCampbell*, 19 Tenn. 52 (1838); and *Hines v. Perkins, supra*.

*Hardeman County Savings Bank v. Kennedy, supra*, at 3–5 (footnotes omitted).

It is clear under the district court's holding in *Kennedy*, which was affirmed by the Sixth Circuit, that in Tennessee the rights of a seller under an unrecorded installment land sale contract are superior to those of the buyer's trustee in bankruptcy. It is the court's opinion, therefore, that Melton's rights as record owner of the tract herein at issue are superior to the trustee's.