GUY H. LENNON, R. B. LENNON, AND R. B. ETHERIDGE, TRADING AS VIRGINIA DARE TRANSPORTATION COMPANY, v. JOHN HABIT AND JOE HABIT, INDIVIDUALLY AND TRADING AS HABIT BROTHERS FREIGHT LINE, AND VIRGINIA-CAROLINA TRANSPORTATION COMPANY, INC.

(Filed 20 September, 1939.)

1. **Contracts § 10: Carriers § 5—Option to sell franchise within stipulated time requires notice but not payment of purchase price nor approval of commissions within that time.**

   Defendants gave plaintiffs an option to buy at any time within 90 days their franchise as a common carrier at a stipulated price subject to the approval of the Interstate Commerce Commission and the State commissions having jurisdiction. *Held:* It was of the essence that plaintiffs give notice of their intention to exercise their option within the 90-day period but notice within that period made the agreement a binding contract of purchase and sale at the price and upon the condition stipulated, and it was not required that the purchase price be paid within the 90-day period nor that the commissions approve the transfer within that time.

2. **Contracts § 20: Carriers § 5: Specific Performance § 3—Tender is not required of plaintiffs when on defendants' statements it would be futile.**

   Defendants gave plaintiffs an option to buy their franchise as a common carrier at a stipulated price within a period of 90 days, subject to the

approval of the commissions having jurisdiction. Plaintiffs instituted this action for specific performance, alleging that plaintiffs gave defendants notice of their intention to exercise the option within the time specified and that the parties to the contract filed an application for the transfer with the Interstate Commerce Commission, that the application was refused because it was not in proper form, and that defendants notified plaintiffs that they would take no further steps to secure the approval of the several commissions and that defendants had declared their intention not to carry out the contract. *Held:* Upon notification by plaintiffs of their intention to exercise the option it was the duty of the defendants to take all necessary steps required of them to secure the approval of the several commissions and to deliver the property in accordance with the contract, and since the allegations of the complaint are sufficient to disclose that tender on the part of plaintiffs, under the circumstances, would be futile, tender of the purchase price by plaintiffs was not required.

**3. Carriers § 5: Specific Performance § 3—**

In a suit to compel specific performance of a contract of sale of a franchise as a common carrier, made subject to the approval of the Interstate Commerce Commission and the State commissions having jurisdiction, defendant sellers' demurrer on the ground that it failed to appear from the complaint that the commissions would approve the transfer, is untenable, it being incumbent upon defendants under the terms of their contract to join in a proper application to the commission for such transfer.

**4. Same—**

The jurisdiction of the Interstate Commerce Commission does not preclude our courts from entertaining a suit to compel defendant sellers to join in making a proper application to the proper commissions for a transfer of their franchise to plaintiffs in accordance with their contract for the sale of such franchise.

APPEAL by plaintiffs from *Thompson, J.,* at Chambers in Elizabeth City, N. C., 1 July, 1939. Reversed.

The plaintiffs brought suit to compel specific performance of a contract entered into between it and the defendants for the sale and delivery of certain franchises and property of defendants' transportation business, known as "Habit Brothers Freight Line," and to recover damages for breach of the contract.

The contract set up in the complaint is as follows:

## "AGREEMENT.

"THIS AGREEMENT, Made and entered into this 1st day of August, 1938, by and between John Habit and Joe Habit, Trading as HABIT BROS. FREIGHT LINE, parties of the first part, and GUY H. LENNON, R. B. LENNON, AND R. B. ETHERIDGE, Trading as VIRGINIA DARE TRANSPORTATION COMPANY, parties of the second part, WITNESSETH:

"That the parties of the first part, for and in consideration of the sum of THREE HUNDRED ($300.00) DOLLARS to them in hand by the parties of the second part paid, the receipt of which is acknowledged, do hereby agree to sell to the parties of the second part at the option of the parties of the second part at any time within ninety (90) days from the date hereof, for the purchase price of TWENTY-ONE THOUSAND, SEVEN HUNDRED ($21,700.00) DOLLARS, in addition to the Three Hundred ($300.00) Dollars already paid, the following property, to wit: Interstate Certificate No. 37015 issued by the Interstate Commerce Commission; North Carolina State Certificate No. 233; Virginia Certificate No. ......., and all other State and Federal franchises now or hereafter acquired; two (2) Chevrolet trucks, 1936 model; two (2) Ford trucks, 1937 model; one (1) Chevrolet truck, 1937 model; three (3) semi-trailers, and all other equipment of every description, including office equipment used in connection with the freight transportation business of the parties of the first part carried on under the above name (except garage equipment located in Edenton).

"In the event said option is exercised, the parties of the first part agree to deliver said property in as good condition as it now is, reasonable wear and tear excepted, and free of all liens and encumbrances.

"The exercise of this option is subject to the approval of the Interstate Commerce Commission, the North Carolina Utilities Commissioner and the Virginia State Corporation Commission, and in the event the sale is disapproved by any of said agencies, the Three Hundred ($300.00) Dollars paid as consideration for this option is to be returned to the parties of the second part.

"IN WITNESS of which the parties of the first part have hereunto set their hands and seals.

JOHN HABIT      [SEAL]
JOE HABIT      [SEAL]
By: JOHN HABIT      [SEAL]
*"Attorney-in-Fact."*

Plaintiffs allege that at the time of the exercise of this contract they paid the $300.00 mentioned therein upon the contract price and subject to the terms of the contract.

The complaint further alleges that within the ninety-day period named in the agreement plaintiffs notified the defendants of their intention to exercise the option, and that they were ready, able, and willing to carry out its terms, and offered to give assurances to that effect. It is alleged that after this notice to defendants, a joint application was made to the Interstate Commerce Commission pursuant to the rules and regulations of that body, which said application was executed by Vir-

ginia Dare Transportation Company by Guy H. Lennon, and by Habit Brothers Freight Line by John Habit, and duly acknowledged; but that under the rules of the Interstate Commerce Commission it is required that when application so made is on behalf of partnerships each partner of the partnership shall execute and acknowledge the execution of the application, of which rule neither the plaintiff Guy H. Lennon nor the defendant John Habit were advised until the said application was made in good faith. That the petition was dismissed because it was not signed in accordance with the aforesaid rule.

It is alleged that when the plaintiffs were advised of this they immediately transmitted the information to John Habit and Joe Habit, individually, and that the request and demand was made on said defendants individually, and doing business as Habit Brothers Freight Line, that a further and additional application be executed and filed with the Interstate Commerce Commission, to obtain approval of said Commission for the transfer of the certificates and to prevent any dismissal of the petition theretofore filed, and that the said defendants John Habit and Joe Habit refused and continued to refuse to join in any further application, and that, thereby, the plaintiffs were prevented from obtaining approval by the said Commission.

It is alleged that John Habit, on behalf of Habit Brothers Freight Line, on 25 October, 1938, filed with the North Carolina Utilities Commission an application for the transfer or sale of the franchise certificate in question, and on 23 November, 1938, the said Utilities Commission issued its order directing the sale and transfer of Certificate No. 233 to the Virginia Dare Transportation Company, upon approval of the Interstate Commerce Commission.

That the Virginia State Corporation Commission has been advised by the plaintiffs of the proposed purchase by the Virginia Dare Transportation Company of the certificate issued by the Virginia State Corporation Commission, but no approval has as yet been issued, nor has the Commission refused to approve the sale.

It is further alleged that the defendants have failed and refused to comply with their agreement, and that they have stated to the plaintiffs that they do not intend to comply therewith, or to convey to the plaintiffs the certificates and property referred to in the agreement, and have failed and refused to comply with the rules of the Commission issuing the respective certificates with reference to the transfer thereof, and have advised the plaintiffs that they do not intend to do any act of assistance in approving the transfer and sale of certificates and property referred to in the agreement.

It is alleged in the complaint that the defendants demanded of the plaintiffs the payment of the full purchase price within the ninety-day

period of the option as a condition precedent to the transfer of the franchises and property.

The defendants filed a written demurrer to the complaint as not stating a cause of action, for that, as contended by them, the contract was for the transfer of motor carrier's certificates issued to defendants by the Federal Interstate Commerce Commission, the North Carolina Utilities Commission, and the Virginia State Corporation Commission, "which option was expressly subject to the approval of the said Commissions," and the transfer could not be made without the approval of said Commissions, which has not been given, and that this Court has no jurisdiction of any matter legally vested in the discretion of such Commissions.

Defendants further demur on the ground that the complaint does not state a cause of action for that (a) the option was limited to ninety days, and that this exercise by the plaintiffs was subject to the approval by the Commissions aforesaid, and the burden was, therefore, "entirely, or at least equally, upon the plaintiffs" to secure the approval by all three Commissions, and such approval has not been obtained; and that it "affirmatively appears that the opportunity to obtain the approval of the Interstate Commerce Commission within the time prescribed by the option, without which the option could not be exercised, was lost by failure of the plaintiffs to properly execute and acknowledge the application therefor"; (b) that it is not alleged or known that approval could have been had if application had been made in apt time, and it cannot be known, therefore, whether the plaintiffs suffered any loss; (c) that the option required the plaintiffs to pay the balance of the purchase price in ninety days from its date, which was not done; and (d) no tender was made, nor is it alleged that plaintiffs are now ready, able and willing to pay the purchase price.

The court sustained the demurrer, dismissing plaintiffs' action, and plaintiffs appealed.

*Bailey & Lassiter and M. B. Simpson for plaintiffs, appellants.*
*W. S. Privott and W. D. Pruden for defendants, appellees.*

SEAWELL, J. Passing the fact that the interpretations placed by defendants on a number of the substantial allegations in the complaint lead to statements and assumptions in the demurrer contradictory to these allegations, fairly interpreted, we do not agree with the interpretation which the court below evidently placed upon the contract, nor with the legal inferences which it drew in sustaining the demurrer.

It is not necessary to set out in great detail the considerations which have led us to this conclusion, but we do not regard the contract as

requiring the full payment of the purchase price within the ninety-day period during which the option had to run, but only as requiring this to be done when the defendants were in position to transfer, and did within reasonable time transfer, the unencumbered property to the plaintiffs.

Certainly, in so far as notice that the plaintiffs intended to exercise the option of purchase, time was of the essence of the contract, and this had to be done within the ninety-day period; but payment within that period was not of the essence of the contract. The notice within the ninety days was sufficient to make it a binding contract of purchase and sale at the price and upon the conditions named, none of which conditions necessarily, and as a matter of law, operated to defeat the contract by reason of nonperformance within the option period. *Davis v. Martin,* 146 N. C., 281, 59 S. E., 700; *Timber Co. v. Wilson,* 151 N. C., 154, 65 S. E., 932; *Wachovia Bank & Trust Co. v. United States,* 98 Fed. (2d), 609.

This view of the contract disposes of much of the objections of the defendants which prevailed in the lower court.

The contract calls for a delivery free from encumbrance. It was the duty of the defendants, upon notice of the plaintiffs that they intended to exercise the option, to take all necessary steps to deliver to the plaintiffs the unencumbered title to the property. The complaint alleges that defendants have notified the plaintiffs that they will take no steps to secure from the several Commissions the approval necessary to the delivery of the property, apparently basing their refusal on the mistaken notion that the expiration of the ninety-day period of the option foreclosed any rights the plaintiffs had to the enforcement of the contract or for damages for its breach. The complaint also alleges that they have declared their intention not to carry out the contract for the delivery of the property at all.

Even if the plaintiffs had been required by the contract to pay all the purchase price within the ninety days—which is not conceded—sufficient matter appears in the allegations of the complaint to justify a submission to the jury of the readiness and ability of the defendants to comply with their duty to see that plaintiffs receive an unencumbered title.

Tender is not required where on defendant's statements it would be futile. *Bateman v. Hopkins,* 157 N. C., 470, 73 S. E., 133; *Samonds v. Cloninger,* 189 N. C., 610, 127 S. E., 706; *Wachovia Bank & Trust Co. v. United States, supra.*

Apparently at one time the defendants themselves took the view that the contract might be complied with, although the purchase price had not all been paid within the ninety-day period, since they joined with the plaintiffs in a petition to the Interstate Commerce Commission to

approve the sale and the transfer about six days before the expiration of the period.

It seems clear to us that such approval need not have been made necessary under the terms of the contract during the ninety-day period. At any rate, the defendants may not speculate upon the probability of an adverse ruling by the various Commissions concerned, based upon their present attitude of unwillingness, or for any other reason, since under the circumstances of this case it was their duty at least to join in any application made to the Commissions in furtherance of the purpose of their contract, which the complaint alleges they have failed to do.

The fact that the trade between plaintiffs and defendants could not be consummated without the approval of the Interstate Commerce Commission does not affect the jurisdiction of this Court of the subject matter of this action, as set out in the complaint.

We have refrained from discussing any matter not necessary to a consideration of the demurrer.

The complaint alleges a cause of action, and the judgment sustaining the demurrer is

Reversed.