25 So.2d 904

GRAZIANI v. ELDER & WALTERS EQUIPMENT CO., Inc.

No. 37863.

March 18, 1946.

Rehearing Denied April 22, 1946.

See, also, 208 La. 80, 22 So.2d 841.

James H. Drury, of New Orleans, for plaintiff-appellant.

Montgomery, Fenner & Brown, of New Orleans, for defendant-appellee.

HAMITER, Justice.

Plaintiff, Vincent Graziani, operating under the trade name of Action Cartage Company, sold and transferred to defendant Elder and Walters Equipment Company, Inc., on terms of credit all of his motor trucks, trailers and equipment, together with an Interstate Commerce Commission Carrier's Permit or Certificate, for a total consideration of $15,000. On defendant's failure to pay more than $7,000 of the agreed purchase price plaintiff instituted this suit to recover the balance or $8,000.

After the commencement of the litigation but before trial, the litigants entered

into and filed in the record a stipulation declaring that under the regulations of the Office of Price Administration the transferred trucks, trailers and equipment had a ceiling price of $9,268.57. At the same time defendant paid to plaintiff the sum of $2,268.57, being the difference between the amount previously paid ($7,000) and the mentioned ceiling price. Thus, of the agreed total consideration for the sale ($15,000) there remains unpaid $5,731.43, the amount now in contest herein. Plaintiff maintains that it is the value of the Interstate Commerce Commission Permit or Certificate included in the sale transaction; defendant denies owing it.

Subsequent to the confection and filing of the mentioned stipulation, one Joseph Tedesco intervened in the suit, claiming ownership of the permit by virtue of a written agreement existing between him and plaintiff.

The district court, following a trial of the merits, rendered judgment in favor of the defendant ordering the dismissal of the demands of plaintiff at his costs. Further, it ordered that the intervention of Joseph Tedesco be maintained to the extent of ordering the return to him of the Interstate Commerce Commission Permit. From the judgment plaintiff appealed.

■ As before shown, plaintiff has received full value for the trucks, trailers and equipment sold and transferred to defendant (he has been paid the OPA ceiling price), and the controversy (since the execution and filing of the stipulation) concerns only the claim for the carrier's permit. One of the contentions made by defendant in denying the asserted indebtedness is that plaintiff was without right to sell and transfer the permit. In this defense we think there is merit. The permit was held by plaintiff under a written agreement with Joseph Tedesco, of date January 23, 1941, which provided for its transfer to plaintiff on the payment of $500 out of the earnings of his business. But no profits were made, according to his testimony, and the consideration was never paid. Further, by the terms of the agreement plaintiff was required to retransfer it to Tedesco should he "decide to give up the cartage business entirely and permanently get in some other business"; and plaintiff admitted during the trial that under the contract with defendant he was selling his entire business. It is obvious, therefore, that plaintiff had no salable rights in and to the permit; and defendant was justified, in our opinion, in refusing to pay to him the amount of its value, whatever that value might be.

■ By reason of his written agreement (above described) with plaintiff, intervener Tedesco, it appears, has a claim to the permit or certificate in question superior to that of plaintiff. But the state courts, we think, are without authority to award it to him. The regulation of motor carriers engaged in interstate or foreign commerce is vested in the Interstate Commerce Commission, and the issuance of carrier permits or certificates is within its discretion. No certificate may be transferred or granted without its consent. 49 U.S.C.A. §§ 306, 312(b); Rulings of the Interstate Com-

merce Commission, Federal Carrier Service, pages 1585, 3251; United States v. Resler, 313 U.S. 57, 61 S.Ct. 820, 85 L.Ed. 1185. Moreover, appeals from the rulings or decisions of the Commission are to the federal courts, not the state courts. Hence for us to judicially recognize intervenor as the legal owner of the instant certificate would not be binding on the Commission; such a judgment would be without force and effect. It follows logically that the intervention should be dismissed as of nonsuit.

For the reasons assigned the judgment is reversed and set aside insofar as it orders the return of the Interstate Commerce Commission Permit, MC-95734 to intervenor, Joseph Tedesco, and the intervention is now dismissed as of non-suit. In all other respects the judgment appealed from is affirmed. Plaintiff shall pay the costs of both courts.

FOURNET, J., takes no part.