ROYAL BLUE COACHES, INC., COMPLAINANT-RESPOND-
ENT, v. DELAWARE RIVER COACH LINES, INC., DE-
FENDANT-APPELLANT.

Argued February 28, 1949—Decided March 21, 1949.

74

---

---

Mr. *Thomas McNulty* (*Messrs. Messano & Messano,* attorneys) argued the cause for the appellant.

Mr. *William A. Dolan* (*Mr. George R. Sommer,* attorney) argued the cause for the respondent.

The opinion of the court was delivered by

WACHENFELD, J. A motion to dismiss this appeal on the ground that it was not taken within time was made and held pending argument on the main cause.

The suit was instituted for specific performance of several agreements made between the parties for the sale and purchase of certain bus line rights. One agreement was made in January of 1944, signed by the president of the appellant, attested by its secretary and the seal of the corporation duly affixed. By its terms the appellant was to sell to the respondent for $14,000 a certain portion of its operating rights commonly designated as "South Main Division." The agreement, amongst other things, provided that both parties would file a joint application with the Interstate Commerce Commission asking for the approval of the transactions, and they further agreed to take whatever steps were necessary before the Interstate Commerce Commission or any other regulatory agency in order to carry out and effectuate the purposes of the agreement.

█ Another supplementary agreement was executed in February, 1944, and by its terms the appellant acknowledged the receipt of the $14,000 and transferred, assigned and set over to the respondent "all its right, title and interest in and to so much of the operating rights it now has and may have acquired by virtue of the aforesaid certificate MC F 2193, more particularly known as the South Main Street Division." Under this agreement the respondent as purchaser acquired no title, legal or equitable, in the appellant's franchise but it did secure the right to apply for the approval of the same as outlined in *Hart v. Seacoast Credit Corp.*, 115 *N. J. Eq.* 28 (*Ch.* 1933·) ; affirmed, 116 *N. J. Eq.* 573 (*E. & A.* 1934).

As a result of the foregoing instruments, application was made to the Interstate Commerce Commission on one of its forms to transfer certificates of public convenience and necessity and the application was executed on behalf of the parties by their respective presidents. Mr. Thomas L. Hanson then represented both parties for this purpose and the Interstate Commerce Commission notified him that because of the number of motor vehicles operated by the parties, the transaction was within the purview of section 5 and application for approval and authorization thereof was required to be filed on another form, to wit, BMC 44. Hanson informed both parties that another application would have to be prepared and requested additional information. The appellant would not furnish the data so requested and its failure to do so prevented the respondent from effectuating the transfer.·

Respondent then filed a bill asking the Court of Chancery to direct the appellant through its board of directors to do what might be necessary to be done before the Interstate Commerce Commission and the Board of Public Utility Commissioners to effectually carry out the terms and conditions of the agreements in question. The appellant contended the contract was executed without corporate authority, was vague, indefinite and could not be specifically performed; that the respondent was guilty of *laches* and, in addition, had an adequate remedy at law and therefore should not be given equitable relief. After the signing of the final decree requiring

performance by the appellant, it obtained an order to show cause why the decree should not be vacated and set aside, which was denied upon its return by an order dated September 3, 1948.

Appeal is taken from the final decree wherein appellant was ordered to specifically perform the contracts annexed to the bill of complaint and likewise from the order of September 3, 1948, denying the appellant's motion to vacate and set aside the final decree.

The reasons advanced for a reversal on the merits are not convincing but will not be further dealt with as we feel compelled to dispose of the cause on the motion to dismiss which was argued and considered with the issues presented on final hearing.

The decree is dated September 9, 1947. The appeal was not taken until almost a year thereafter, the notice of appeal being dated September 7, 1948. The statute in effect at that time, *R. S.* 2:29–119, provided:

"All appeals from final decrees shall be taken within three months after filing of such decrees * * *."

There is an endeavor to excuse the delay by alleging there was no actual notice of the entry of the decree until the letter of April 14, 1948, but *R. S.* 2:29–6 provides that parties to suits in Chancery shall take notice at their peril of the filing of all pleadings and of the pronouncement and signing of decrees. The time in which to take an appeal was statutory; the obligation to take cognizance of the entry of judgment was specific.

Although frequently done as a matter of courtesy, no practice required the giving of actual notice of the filing of the final decree. The Vice-Chancellor, in denying the application to open the judgment so that notice of appeal could be served within time, commented upon the fact that the practice had been to furnish only a copy of the decree to the moving party when such copy was furnished to the court and concluded:

"It is not the duty of the court to have copies of the decree made and furnished to the other solicitors."

This correctly portrayed the practice then current, and while the statutory rule which is relied upon may have been harsh, it controlled the procedure on this appeal. Similar situations will not arise under our new rules as both parties are adequately protected. *Rule* 3 :5–1 provides.

"Unless otherwise directed by the court, every order and judgment * * * shall be served upon each of the parties affected thereby * * *."

█ As to the appeal from the order of September 3, 1948, there are no facts or circumstances which warrant this court in substituting its discretion for that exercised by the court below. The situation complained of was occasioned by the party seeking the relief and in denying the order to vacate we cannot say there was an abuse of discretion.

The motion to dismiss both appeals is granted.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*Opposed*—None.