BROWN et al. v. SMITH et al.—225 S. W. (2d) 91.

Middle Section.   July 2, 1949.

Petition for Certiorari denied by Supreme Court, December 10, 1949.

Charles L. Cornelius, Jr., of Nashville, for Lewis T. Edwards.

Cate & Cate, of Nashville, for Wilson Truck Co.

FELTS, J. This was a general creditors' suit against Smith Brothers, a partnership composed of G. T. Smith, J. L. Smith, and O'Donnell Smith, operating a motor truck line between Nashville and Chicago under a certificate (No. MC 16670) of convenience and necessity issued to them by the Interstate Commerce Commission June 27, 1937, under the "grandfather" clause of the Federal Motor Carrier Act of 1935, 49 U. S. C. A. Sec. 306.

On April 11, 1938, the partners made a mortgage for $4,000 to Lewis T. Edwards on their equipment and their rights under this certificate (No. 16670). This mortgage included a prior one and both were for loans he made to them to enable them to continue operating. This debt of $4,000 was due April 15, 1939, and the mortgage provided that in the event of default Edwards might take possession, advertise, and sell the property at public auction.

On November 19, 1938, Smith Brothers made a contract to sell their rights under this certificate to the Wilson Truck Company for $2,025, $400 paid and $1,625 placed in escrow to be turned over when the Interstate Commerce Commission authorized the transfer of the certificate to this company. The contract provided the company was not to be held for any debts of Smith Brothers except those fixed by the Commission or the States

of Kentucky and Tennessee, which would be deducted from the sum in escrow.

The company, on December 7, 1938, petitioned the Commission to authorize the transfer of the certificate to it. The mortgage to Edwards was in form of a two-party contract and had been signed by him as well as by the mortgagees but had not been acknowledged. He acknowledged it and had it recorded December 7, 1938. He later produced a copy of it and sought to have the Commission require it to be paid as a condition of authorizing the transfer. The Examiner hearing the matter did recommend such a condition. But the Commission authorized the transfer without condition, announcing its ruling May 6, 1939, but deferring entry of its order (25 MCC 150) pending a ruling on other matters raised by other truck operators protesting against the transfer to the Wilson Truck Company.

Meanwhile, the original bill in the present suit was filed March 17, 1939, making both Edwards and the Wilson Truck Company parties. It was later sustained as a general creditors' bill and the fund in escrow was impounded and paid to the Master. It appears that Smith Brothers had no other assets, their trucks having been repossessed by the conditional vendors. A receiver in this cause operated the truck line for a year or so and until the Commission finally authorized the transfer to the Wilson Truck Company and the company took over the operation.

In the course of this suit the company filed an answer and cross-bill averring that the certificate was not property which could be mortgaged and asking that the mortgage to Edwards be declared void. Thereafter a number of pleadings and amended pleadings were filed

by the company and by Edwards, including a cross-bill by him seeking to enforce his mortgage. Proof was taken by both parties, and on March 17, 1948, the Chancellor entered a decree adjudging the mortgage invalid and unenforceable; and Edwards appealed to this Court.

Appellee Wilson Truck Company urges a number of grounds against the validity of the mortgage to Edwards and his right to enforce it. The first ground is that a certificate of convenience and necessity is not property which can be mortgaged, because the holder of it has no vested property right but only a revocable right to operate under it. This seems to have been the ground of the Chancellor's decree.

We cannot agree with this view. The rights under such a certificate are not a mere personal privilege but a franchise which is transferable as property. Title to it may be transferred by operation of law or act of the owner, as in case of his bankruptcy to his trustee, or his death to his personal representative, or by his sale to the purchaser, as was done in this case; and it may be mortgaged, as was also done here. First Nat. Bank of Weatherford, Tex. v. Holliday, 5 Cir., 47 F. (2d) 67; Watson Bros. Transp. Co. v. Jaffa, 8 Cir., 143 F. (2d) 340; Lennon v. Habit, 216 N. C. 141, 4 S. E. (2d) 339; see Royal Blue Coaches Inc., v. Delaware River Coach Lines, Inc., 140 N. J. Eq. 19, 52A (2d) 763.

This nature of the franchise is recognized by the Federal Motor Carrier Act of 1935. The "grandfather" clause provides that where the carrier or his "predecessor in interest" was operating on June 1, 1935, the Commission is to issue the certificate to him without proof of public convenience and necessity. 49 U. S. C. A. Sec. 306. The Act also provides that "any certificate

or permit may be transferred, pursuant to such rules and regulations as the Commission may prescribe" 49 U. S. C. A. Sec. 312 (b).

The Commission had prescribed no such rule when this mortgage was made. Copies of the rules and regulations later prescribed have been furnished us. We find nothing in them requiring notice to or approval by the Commission of the execution of a mortgage on the operating rights under a certificate, or of the foreclosure of such a mortgage. All that seems to be required is that the Commission must give its approval or permissive authority for the transfer of such rights to a purchaser at a foreclosure sale before he can exercise such rights.

This view is borne out by cases in which the Commission has recognized the titles of purchasers at foreclosure sales under such mortgages, and has given its permissive authority for transfer of the operating rights to such purchasers. Riss & Co., Inc.—Purchase—Monark M. Freight System, Inc., 38 MCC 563-571; Hall—Purchase—Magee Truck Lines, Inc., 38 MCC 529-539; R. W. Lee—Control; Lee Motor Freight, Inc.—Purchase (Portion)—Breeding Motor Freight Lines, Inc., etc., 6 Fed. Carrier Cases, ICC, CCH Rep. 329, p. 488.

In the case last cited the purchaser was the Reconstruction Finance Corporation. After bidding in the operating rights the R. F. C. took bids for them from other carriers. Then the R. F. C. and such carriers joined in an application to the Commission to approve the transfer to them. A motion was made to dismiss the application upon the ground that the R. F. C., having no power to operate as a carrier, could acquire no title by its purchase of the operating rights. The Commission overruled this motion and in doing so said: "As

the principal creditor, the R. F. C. had an interest in preserving the assets of Motor Freight. As a step in this direction it bid in the operating rights and properties of Motor Freight, although it is not authorized by its charter to perform motor-carrier operations. It could not, therefore, conduct motor-carrier operations under the certificate upon which it bid; nor could we authorize the transfer of the operating rights to it. The most it could accomplish is to acquire a power to assign the right to the certificate or portions of it to purchasers subject to the approval of this Commission. In our opinion, the R. F. C., by virtue of the court's order confirming the sale by the special master, acquired such a power to assign the right to purchase the motor-carrier operating rights and properties, subject to approval of this Commission . . .''

██ ██ It is argued for appellee that the Commission denied the claim of Edwards to a lien on the certificate under his mortgage, and authorized the certificate to be transferred to appellee ''free of any such lien''; and that ''this action of the Commission is conclusive of this matter.''

We find nothing in the report of the Commission's decision indicating that it undertook to adjudicate any question as to the validity of the mortgage or the legality of the Edwards' title (25 MCC 150-152). The Commission is an administrative body, not a court. Watson Bros. Transp. Co. v. Jaffa, 8 Cir., 143 F. (2d) 340. It has often said that it has no jurisdiction or authority to adjudicate legal controversies such as the validity of contracts or mortgages, but must leave such matters to the courts; and that its action is permissive only, and does not preclude or prejudice the legal rights of parties.

Adkins—Purchase—Elliott and Ollis, 38 MCC 75, 81, and cases there cited; also St. Johns River Line Co.—Purchase—Brown Motor Frt., 38 MCC 99, 102-3, and cases there cited; Raymond Bros. Motor Transp. Co., Inc.—Purchase—George Berzel, 15 MCC 477; Blue & Gray Sightseeing Tours—Purchase—Lovenbein, 15 MCC 674.

■ Appellee insists the mortgage was void because it was not executed in the firm name. It was signed by O'Donnell Smith, J. L. Smith, and Nels Gertsen, the latter having acquired the interest of G. T. Smith. It recited that it was made by "Smith Bros., a partnership composed of O'Donnell Smith, J. L. Smith, and Nels Gertsen." It was given to secure money loaned to the partnership and used in the partnership business, and it was intended as a firm obligation.

In these circumstances it was good as a mortgage of the partnership property. "A written contract will be binding on the partnership firm, although signed with the individual names of the partners instead of with the firm name, when it is shown that it was given in a firm transaction and intended as a firm obligation. 30 Cyc. 485." Pritchett v. Thomas Plater & Co., 144 Tenn. 406, 436, 232 S. W. 961, 970; Code sec. 7848; 40 Am. Jur., Partnership, Sec. 184.

■ Appellee also contends that the mortgage was void because it was not recorded. Such an unrecorded instrument, however, is void only as to creditors or purchasers without notice. Code sections 7665-7668. No creditor is here complaining, all of them having acquiesced in the transfer of the certificate and in the decree distributing its proceeds among them. Appellee was neither a creditor nor a bona fide purchaser without

notice. The preponderance of the proof was that its president was informed of the mortgage before it purchased the certificate. So as against appellee the mortgage was good without registration. Wright v. Black, 159 Tenn. 254, 260, 17 S. W. (2d) 917, 65 A. L. R. 357; Harris v. Williford, 179 Tenn. 299, 165 S. W. (2d) 582.

There appears in the proof, as an exhibit to the deposition of H. C. Wilson, a copy of an order of the Commission dated November 6, 1942, issuing to Wilson Truck Company a new certificate covering the same rights which had been transferred to the company under the Smith Brothers certificate.

This matter, however, was not relied on or mentioned in any of the pleadings and therefore really had no place in the proof. We take it that the new certificate did not affect the rights of the parties to this controversy, did not extinguish the rights evidenced by the old certificate, but is merely new evidence of those rights; and these parties seem to have so treated the matter in the court below and here.

Appellant also assigned error upon the part of the decree allowing the Wilson Truck Company reimbursement out of the fund in court for its payment of a tax claim. But this assignment was not referred to in his brief or argument. Therefore, we treat it as waived. Freeman v. Loyd, Tenn. App., 212 S. W. (2d) 912, 914, and authorities there cited.

So much of the Chancellor's decree as adjudged appellant's mortgage invalid and unenforceable is reversed. A decree will be entered here adjudging appellant to be entitled to a lien on the operating rights under his mortgage and entitled to enforce such lien by foreclosure of the mortgage. The cause will be re-

manded to the chancery court for the purpose of such foreclosure and for other appropriate proceedings not inconsistent with this opinion. The costs of the appeal are adjudged against appellee Wilson Truck Company.

Howell and Hickerson, JJ., concur.