In re Application of Max L. Caudill,
In re Application of Donald L. Pedersen.
Irene Caudill, as Administratrix of the Estate of
Max L. Caudill, deceased, et al., appellants, v. Richard
R. Lysinger et al., appellees.

72 N. W. 2d 684

Filed November 4, 1955.  No. 33777.

*Cyril P. Shaughnessy* and *J. Max Harding,* for appellants.

*Manasil & Erickson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On August 3, 1946, Max L. Caudill, under No. M-8014, was issued a certificate of convenience and necessity by the Nebraska State Railway Commission, authorizing him to engage in trucking operations as a common carrier. The Nebraska State Railway Commission will be hereinafter referred to as the commission. Under the certificate he was permitted to transport commodities generally including road construction materials and livestock over irregular routes with operations to originate or terminate within a radius of 35 miles from Grand Island, Nebraska, with the over-all operation to be within 286 miles from Grand Island, Nebraska. Max L. Caudill died on June 23, 1950, and thereafter Irene Caudill, the widow of Max L. Caudill, became the administratrix of his estate and succeeded to his rights under the certificate.

On May 27, 1953, Donald L. Pedersen, under application No. M-10282, applied to the commission for permission to operate as a common carrier as successor in interest to the certificate which had been issued to Max L. Caudill pursuant to an agreement for transfer entered into between Pedersen and Irene Caudill.

On August 4, 1953, the commission entered an order requiring Irene Caudill to show cause before an examiner of the commission why the certificate should not be suspended, changed, or revoked for a number of reasons generally mentioned but specifically because of "Cessation of operations and discontinuance of service contrary to General Order 81, section (9) (a)."

Notice was given of hearing on the application of Pedersen for transfer of the certificate and also on the order to show cause. Hearing was had before an examiner on the application and the order to show cause at St. Paul, Nebraska, on October 1, 1953. Following the

hearing the examiner appears to have made a report to the commission.

After the hearing and the report, on March 5, 1954, the commission rendered an opinion, findings, and order disposing of both matters presented to the examiner. By it the certificate of Irene Caudill was canceled and revoked. The application of Pedersen for a transfer of the certificate was denied. The letter giving notice was not mailed to the parties until November 6, 1954.

On November 12, 1954, Irene Caudill and Donald L. Pedersen filed a motion for rehearing and reconsideration. On December 21, 1954, this motion was overruled. Notice of appeal was given on January 13, 1955.

From the two orders and the ruling on the motion for rehearing Irene Caudill and Donald L. Pedersen have appealed. These two parties are designated as appellants. In the briefs the designated appellees are "Richard R. Lysinger et al." Richard R. Lysinger and certain others are engaged in the trucking business in the vicinity of St. Paul, Nebraska. With their attorneys they appeared as witnesses at the hearing before the examiner and without any formal act making them intervening or objecting parties they purportedly became interveners and from that point on have been allowed to be the adversaries of the appellants. This was all over objection of appellants. Irregularity in this connection is readily apparent, but for the purposes of determination of the issues it does not become important.

The brief of appellants contains five assignments of error which they contend are grounds for reversal. However only one, which substantially appears, requires direct consideration. That one is that the orders of the commission are without sufficient support in the evidence and that therefore they are arbitrary, unreasonable, and contrary to law.

Appropriately that portion of the order canceling and revoking the certificate of Irene Caudill requires first consideration. As pointed out the certificate was can-

celed and revoked because it was found to be dormant.

The evidence in the record presented to this court does not sustain or even tend to sustain this finding. All of the evidence presented here is directly contrary to the finding. It is true that in the findings herein it is stated substantially that on February 1, 1952, the commission found that the certificate was dormant and that no appeal was taken from that finding. It is apparent from the further findings herein that this purported finding of February 1, 1952, was largely if not entirely the basis for the revocation and cancellation involved here. But that finding according to the record before this court never became a part of the bill of exceptions and neither did it become a part of the files in this case before the commission. This being true it may not be considered by this court. The statutes make this point clear. Section 75-407, R. R. S. 1943, provides: "The evidence presented before the State Railway Commission, as reported by its official stenographer and reduced to writing, shall be duly certified to by the stenographer and the chairman of the commission as the true bill of exceptions, which, together with the pleadings and filings duly certified in the case under the seal of the commission, shall constitute the complete record and the evidence upon which the case shall be presented to the appellate court."

It is conceded that there was no cancellation and revocation of the certificate in February 1952. Even if there had been evidence of an order finding dormancy on February 1, 1952, it would still be necessary to say that dormancy did not exist at the time the order to show cause was issued and at the time of the hearing. The record affirmatively and positively discloses that there was activity under the certificate at all times after February 1, 1952, up to and including the date of hearing and presumably up to the time the notice of cancellation and revocation was mailed. All of the incidental requisites under law and the rules of the com-

mission to keep it alive and active were complied with. Thus there were 33 months of activity under the certificate between February 1, 1952, and the date when the adjudication of cancellation and revocation became legally effective.

As pointed out the order to show cause was predicated on the specific proposition that the certificate was dormant because of inactivity under it. The appellants do not contend that dormancy on account of inactivity would not be a legal basis for cancellation and revocation of the certificate.

As to the right of the commission to revoke and cancel certificates this court has held that it is without power to revoke a certificate in the absence of evidence that there has been a willful failure of the holder thereof to observe and comply with the Motor Carrier Act or any lawful order or regulation of the commission or any term, condition, or limitation of the certificate. See, In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418; Safeway Cabs, Inc. v. Honer, 155 Neb. 418, 52 N. W. 2d 266; Nebraska State Railway Commission v. Service Oil Co., 157 Neb. 712, 61 N. W. 2d 381; Schmunk v. West Nebraska Express, 159 Neb. 134, 65 N. W. 2d 386.

There was definitely no evidence of a willful failure to observe and comply with the Motor Carrier Act or any term, condition, or limitation of the certificate or regulation of the commission. It must, therefore, on that ground be said that the action of the commission was contrary to law.

The next question to be considered is that of whether the action of the commission in refusing to allow a transfer of the certificate from Irene Caudill to Donald L. Pedersen was valid and proper.

In the record the reason for refusal to permit the transfer has not been declared. Under circumstances such as here where a certificate is not dormant it may be transferred on approval of the commission under

reasonable rules and regulations to be prescribed by it, (1) if the transfer will be consistent with public interest; (2) if it will not unduly restrict competition, and (3) if the transferee is fit, willing, and able to perform the service proposed. § 75-240.02, R. S. Supp., 1953. There are other provisions of the section but they have no application. Particularly the provisions, relating to present and future convenience and necessity have no application. They relate only to dormant certificates and those situations which will result in a new or different service or operation as to territorial scope. No material change was proposed as an accompaniment of this requested transfer.

This section of the statute is new. Its effective date was August 27, 1951. It has not been previously construed by this court. It is observable that the language granting the power to transfer certificates is permissive and not mandatory. We think however that the proper attitude to be taken toward incidents of exercise of the power under the provision by the commission should be the same as has been manifested by the decisions of this court with regard to the exercise of other functions of the commission, that is, that the action of the commission is to be sustained unless it is made to appear that it was unreasonable or arbitrary. Nebraska State Railway Commission v. Service Oil Co., *supra;* Schmunk v. West Nebraska Express, *supra.*

The question of whether or not action is unreasonable and arbitrary is of course one of fact. Factually without contradiction there had been continuous operation under this certificate since 1946. At no time had any service been declined or denied. During a part of the time the service was performed by a lessee and during another part by Irene Caudill by the use of leased equipment. During this latter period the leased equipment was the property of Donald L. Pedersen and Pedersen was in charge for Irene Caudill of the operations. Users of the service desired that it be continued.

Pedersen, the prospective transferee, was capable and efficient, had satisfactory equipment, and was financially able to meet the working and legal obligations imposed by law and the rules and regulations of the commission.

When Max L. Caudill died it is apparent that he left but a small estate. The equipment was sold and thereafter, as has been pointed out, operations were carried on under the certificate under lease or by the use of leased equipment. A transfer of the certificate would enable the widow to obtain a small amount of money. A transfer would not change the transportation status in the area or the competitive status from what it has been since at least as far back as 1946. The only substantial effect of a refusal would be to remove from the field a competitor.

The conclusion therefore is that the record does not contain any facts to sustain the finding that the certificate of Irene Caudill was dormant, and therefore its cancellation on the ground of dormancy was arbitrary, unreasonable, and contrary to law. The further conclusion is that on the facts of record it must be said that the action of the commission in refusing to transfer the certificate in question from Irene Caudill to Donald L. Pedersen was arbitrary and unreasonable.

Accordingly the order of the commission canceling and revoking the certificate in question and the further order denying its transfer are reversed.

REVERSED.