In re Application of Philip G. Schmer.
Philip G. Schmer, appellant, Impleaded with Ernest Lihs, appellee, v. Paul Abler doing business as Central Transport Company, appellee, Clark Bros. Transfer, Inc., intervener-appellee.
188 N. W. 2d 696
Filed July 16, 1971. No. 37884.

Moyer & Moyer and Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

Ernest Lihs, pro se.

Acklie & Peterson, for appellee.

Kutak, Rock, Campbell & Peters, for intervener-appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

NEWTON, J.

This is an appeal from orders of the Nebraska State Railway Commission denying an application for transfer of a certificate of public convenience and necessity. The orders of the railway commission are reversed.

One Ernest Lihs, holder of a certificate of public convenience and necessity as a motor carrier, joined with applicant Philip G. Schmer in an application to the railway commissoin for approval of a transfer of the certificate to Schmer. The application states it was made pursuant to an oral agreement for the sale of the certificate to Schmer for a consideration of $2,000. Intervener and protestant objected to the transfer. Subsequently Lihs notified the railway commission he had acted "erroneously" when he joined in the application and no longer desired to transfer the certificate. Thereupon the railway commission denied the application because of the absence of a continuing consent to it by the transferor. Later Lihs asked that his certificate be canceled and an order was entered revoking the certificate. No hearing on the merits of the application was had. Any decision must be based solely on the pleadings filed and the orders of the railway commission.

Where a certificate of public convenience and necessity is not dormant, it may be transferred on approval of the railway commission if the transfer will be consistent with the public interest, will not unduly restrict competition, and if the transferee is fit, willing, and able to perform the service proposed. See Transit Homes, Inc. v. National Trailer Convoy, Inc., 173 Neb. 391, 113 N. W. 2d 638.

The statute governing the transfer of certificates of public convenience and necessity is permissive in terms, not mandatory, and an order of the railway commission pertaining to a transfer will be sustained unless it appears to be unreasonable and arbitrary. See, Transit Homes, Inc. v. National Trailer Convoy, Inc., *supra;* Caudill v. Lysinger, 161 Neb. 235, 72 N. W. 2d 684.

No evidence having been taken, no basis exists for a finding that the elements required for a transfer of the certificate are not present nor was such a finding made. On this record it appears that the transfer might possibly be entitled to approval. To deny it without a hearing ordinarily imports an unreasonable and arbitrary act.

It is generally held that the necessity of obtaining the approval of the railway commission to transfer a certificate of public convenience and necessity does not preclude a court of equity from decreeing specific performance of an agreement to transfer such a certificate, subject to approval by the railway commission. See, Watson Bros. Transp. Co., Inc. v. Jaffa (8th Cir., 1944), 143 F. 2d 340; Lennon v. Habit, 216 N. C. 141, 4 S. E. 2d 339; Royal Blue Coaches, Inc. v. Delaware River Coach Lines, Inc., 140 N. J. Eq. 19, 52 A. 2d 763, 2 N. J. 73, 65 A. 2d 264; 13 Am. Jur. 2d, Carriers, § 93, p. 640.

The railway commission does not have authority to determine the validity of contracts for the purchase of certificates of public convenience and necessity. See Watson Bros. Transp. Co., Inc. v. Jaffa, *supra*.

We have here a situation presented that cannot be resolved by either the railway commission or a court of equity acting alone. Each has exclusive jurisdiction of a portion of the problem presented and one or the other must take the first step toward a solution. A court of equity can require specific performance by the parties but cannot control the discretion of the railway commission. The railway commission can grant permission to the parties to effect the transfer but cannot require it. In this instance, the first step taken by the parties was before the railway commission. The railway commission had jurisdiction to determine the application for a transfer on its merits and if entitled to approval, to enter an order accordingly. This, as previously pointed out, would be an order permissive in nature and the dispute between the par-

ties as to the validity of the contract would remain for resolution by a court of equity. We cannot see that it is material whether the railway commission or the court acts first. The existence of a dispute regarding the enforceability of a contract for the transfer of a certificate does not deprive the railway commission of power to approve the transfer. See Walker v. United States, 208 F. Supp. 388 (1962).

Under the existing circumstances, the order of the railway commission refusing a hearing on the merits of the application, and revoking the certificate pursuant to Lihs' request, are tantamount to, and have the same effect as, a finding that the agreement for a transfer of the certificate is invalid and unenforceable. This is a usurpation of the powers of a court of equity and constitutes an unreasonable and arbitrary disposition of the case.

The question pertaining to approval or disapproval of the application for transfer of the certificate of public convenience and necessity should be determined on its merits, and if approval is given, the interested parties may then apply to a court of equity for a determination regarding the validity of the contract. The orders of the Nebraska State Railway Commission are reversed.

REVERSED.