CUTRER, Judge.
Plaintiff brings this action to rescind the sale of three motor carrier operating authorities which were conveyed by the plaintiff to the defendant. After a trial on the merits in which the trial court found for plaintiff, defendant filed a motion for a new trial and an exception of lack of jurisdiction over the subject matter. The trial court denied the motion for a new trial, overruled the exception, and entered judgment in favor of plaintiff. Defendant appealed.
The issues presented in this appeal are: (1) Does a state court have subject matter jurisdiction to decide ownership of motor carrier operating certificates and permits issued by the Interstate Commerce Commission? and (2) Interpretation of the agreements executed by the parties.
On January 5, 1970, plaintiff and defendant executed a document entitled “Purchase Agreement”. This agreement was, in reality, the sale of certain vehicular equipment and motor carrier operating rights issued by the Interstate Commerce Commission and the Louisiana Public Service Commission, contingent upon the approval of these two regulatory agencies. The sale involved the following operating rights: ICC Certificate of Public Convenience and Necessity Number MC-133168; ICC Contract Carrier Permit Number MC-117969 (Sub. 3); and Louisiana Public Service Commission Contract Carrier Permit No. 1258- A. The consideration for the transfer of the trucking equipment and the operating rights was $20,000.
*1067 The parties on January 5, 1970, further executed an instrument entitled “Personal Services Employment Contract” by which plaintiff was to receive, for personal services rendered, the sum of $4,200 per year for a period of five years.
A third document, entitled “Purchase Agreement Amendment”, was entered into on January 5, 1970. The purchase agreement amendment provided that:
“As part of the foregoing purchase agreement, BUYER shall not sell, transfer, assign, alienate or otherwise dispose of, mortgage, hypothecate, pledge or otherwise encumber said certificates of public convenience and necessity, nor any received by BUYER in lieu thereof, and shall not permit same to become inoperable until all sums of money due or to become due Stanley J. Smith under the ‘Personal Services Employment Contract’ executed this day between the parties hereto have been paid in full.”
Defendant, after obtaining approval from both the Interstate Commerce Commission and the Louisiana Public Service Commission, began using the trucks and trailers to operate over the routes authorized under the certificates and permits. Plaintiff received, in due course, four of his $4,200 annual personal service payments, but the fifth and final payment was never made. As a result of the failure to make the final payment, plaintiff instituted suit requesting a recission of the sale of the operating rights for failure of the defendant to pay the full purchase price. Plaintiff further requested a judgment declaring him to be the lawful owner of the operating authorities free and clear of any encumbrances which may have been placed upon those authorities subsequent to the sale.
The trial court judgment rescinded the January 5, 1970 sale and declared plaintiff to be the true and lawful owner of the three operating authorities free and clear of any mortgages, liens, or encumbrances attached to these operating authorities on or after January 5, 1970.
The first issue before this court concerns whether or not a state court has subject matter jurisdiction to decide who is the true and lawful owner of interstate operating authorities issued by the Interstate Commerce Commission. Appellant urges that the state court is without subject matter jurisdiction in that Federal law has preempted this field and this action is regulated by the Interstate Commerce Commission. Appellant cites the case of Graziani v. Elder & Walters Equipment Company, 209 La. 939, 25 So.2d 904 (1946) as authority for its position.
The Graziani case involved a credit sale, of trucks, trailers, and equipment, together with an Interstate Commerce Commission carrier’s permit or certificate. The sale was made by the plaintiff, Mr. Graziani, to the defendant, Elder & Walters Equipment Company. Upon defendant’s failure to pay the balance due on the purchase price, plaintiff brought suit to recover this balance. A third party, Joseph Tedesco, intervened into the suit claiming that he was the lawful owner of the permit by virtue of an agreement between him and plaintiff. The trial court rendered judgment in favor of the defendant. It further ordered that the intervention of Tedesco be maintained and ordered the return of the permit to him. The Louisiana Supreme Court, discussing Tedesco’s claim to the permit, stated:
“By reason of his written agreement (above described) with plaintiff, intervener (sic) Tedesco, it appears, has a claim to the permit or certificate in question superior to that of plaintiff. But the state courts, we think, are without authority to award it to him. The regulation of motor carriers engaged in interstate or foreign commerce is vested in the Interstate Commerce Commission, and the issuance of carrier permits or certificates is within its discretion. No certificate may be transferred or granted without its consent. 49 U.S.C.A. §§ 306, 312(b); Rulings of the Interstate Commerce Commission, Federal Carrier Service, pages 1585, 3251; United States v. Resler, 313 U.S. 57, 61 S.Ct. 820, 85 L.Ed. 1185. Moreover, appeals from the rulings or decisions of the Commission are to the federal courts, not *1068 the state courts. Hence for us to judicially recognize intervenor as the legal owner of the instant certificate would not be binding on the Commission; such a judgment would be without force and effect. It follows logically that the intervention should be dismissed as of non-suit.”
The Supreme Court in Graziani reversed and set aside the judgment of the trial court insofar as it ordered the return of the Interstate Commerce Commission permit to the intervenor, and the intervention was dismissed as of non-suit.
We feel the Graziani decision squarely meets the jurisdiction question before us in this case. Our research reveals that this decision has not been questioned or overruled by our Supreme Court since its rendition. We feel bound to follow the ruling of the Supreme Court in Graziani and hold that the trial court was without authority to award the ownership to plaintiff of the operating authorities regulated by the Interstate Commerce Commission. Plaintiff’s remedy, according to Graziani, lies with the Interstate Commerce Commission.
Appellant does not put at issue, either in brief or oral argument, the portion of the trial court’s judgment adjudicating the ownership of the contract carrier permit issued by the Louisiana Public Service Commission and vehicular equipment described in the agreement of purchase dated January 5, 1970. Therefore, we do not disturb that portion of the judgment.
Due to our disposition of the first issue, we do not reach the second issue raised by appellant.
For the above reasons, we reverse and set aside without prejudice that portion of the trial court judgment decreeing to the plaintiff the ownership of the Interstate Commerce Commission certificate and permit. In all other respects the judgment appealed from is affirmed.
All costs of this appeal are assessed to plaintiff-appellee.
AFFIRMED IN PART: REVERSED IN PART.