MARCUS, Justice.
On January 5, 1970, Stanley J. Smith and Delta Express, Inc. entered into three separate written agreements. The first was a purchase agreement whereby Smith sold to Delta Express certain vehicular equipment along with motor carrier operating rights issued by the Interstate Commerce Commission and the Louisiana Public Service Commission. Pursuant to a second agreement, entitled personal services employment contract, Smith was to receive $4,200 annually for a period of five years in return for his services. A third instrument, an amendment to the purchase agreement, specified that the buyer, Delta Express, would not sell, transfer or encumber the operating rights until Smith had received all sums due him under the personal services contract.
In due course, Smith received four of the five annual payments for his services, but the fifth and final payment was never made. Smith brought this action against Delta Express for rescission of the sale of the vehicular equipment and operating rights for non-payment of the purchase price which he alleged included the full compensation due him under the personal services contract. He further sought judgment declaring him to be the rightful owner of the operating rights free and clear of any encumbrances placed upon them subsequent to their sale to Delta Express.
After trial on the merits, judgment was rendered in favor of Smith and against Delta Express declaring the sale by Smith to Delta Express dated January 5, 1970, null and void. Smith was further declared to be the true and lawful owner of the operating rights in question, free and clear of all mortgages, liens or encumbrances attaching to them on or after January 5,1970.
Delta Express filed a motion for a new trial and an exception to the jurisdiction of the court over the subject matter of the action. The trial judge denied the motion and overruled the exception. Delta Express appealed. The court of appeal first addressed itself to the issue of whether a state court has jurisdiction to decide the ownership of the motor carrier operating rights issued by the Interstate Commerce Commission. Feeling bound to follow the ruling of this court in Graziani v. Elder & Walters Equipment Co., Inc., 209 La. 939, 25 So.2d 904 (1946) and finding it squarely on point, the appeals court held that “the trial court was without authority to award the ownership to plaintiff [Smith] of the operating authorities regulated by the Interstate Commerce Commission. Plaintiff’s remedy, according to Graziani, lies with the Interstate Commerce Commission.” Accordingly, the appeals court did not reach the merits of the appeal except to affirm *1347 that portion of the trial court’s judgment adjudicating the ownership of the operating rights issued by the Louisiana Public Service Commission and vehicular equipment described in the agreement of purchase dated January 5, 1970, because appellant (Delta Express) had not put it at issue, either in brief or oral argument, before that court.[1] On Smith’s application, we granted certio-rari to review the correctness of this decision.[2]
The sole issue presented for our consideration is whether a state court has jurisdiction to determine who is the owner of operating rights issued by the Interstate Commerce Commission.
In Graziani v. Elder & Walters Equipment Co., supra, plaintiff sued to recover the unpaid balance on a sale of certain vehicular equipment together with an operating right issued by the Interstate Commerce Commission. A third party intervened, claiming to be the true and lawful owner of the operating right by virtue of an agreement existing between him and plaintiff. Although acknowledging the merits of the intervenor’s claim, this court nevertheless declined to award him the operating right, stating that it had no authority to do so:
“By reason of his written agreement (above described) with plaintiff, intervener (sic) Tedesco, it appears, has a claim to the permit or certificate in question superior to that of plaintiff. But the state courts, we think, are without authority to award it to him. The regulation of motor carriers engaged in interstate or foreign commerce is vested in the Interstate Commerce Commission, and the issuance of carrier permits or certificates is within its discretion. No certificate may be transferred or granted without its consent. 49 U.S.C.A. §§ 306, 312(b); Rulings of the Interstate Commerce Commission, Federal Carrier Service, pages 1585, 3251; United States v. Resler, 313 U.S. 57, 61 S.Ct. 820, 85 L.Ed. 1185. Moreover, appeals from the rulings or decisions of the Commission are to the federal courts, not the state courts. Hence for us to judicially recognize intervenor as the legal owner of the instant certificate would not be binding on the Commission; such a judgment would be without force and effect. It follows logically that the intervention should be dismissed as of non-suit.”
We are of the opinion that the Graziani case was wrongly decided; therefore, we feel constrained to overrule it.
Transfers of operating rights originally issued by the Interstate Commerce Commission are specifically authorized by the Federal Motor Carrier Act, 49 U.S.C.A. § 312(b).[3] No restrictions are imposed upon the types of transfers permitted under the act, but all transfers are subject to the approval of the Commission.[4] The court in Graziani apparently reasoned that, prior to this approval by the Commission, operating rights are not property susceptible of transfer but are mere licenses personal in nature. The majority view is to the contrary, i. e., operating rights are property, the transfer of which passes title to the transferee. The transferee does not, however, thereby acquire the authority to use the rights. This *1348 authority can come only upon application to the Commission, which grants or withholds its permission to operate after a consideration of the various factors prescribed by the federal rules and regulations.[5] The Commission, as an administrative body, is concerned only with the regulation of the use of operating rights; it has no interest in resolving legal disputes arising from conflicting claims of ownership to the rights. Such disputes, governed by state law, are matters for the courts (state courts would have jurisdiction), not for an agency that has responsibility in the realm of regulating transportation systems.[6] Moreover, a determination of the ownership of the operating rights by the court will in no way impinge upon the Commission’s authority to withhold or grant its consent to the use of the rights.
Accordingly, we conclude that a state court has the authority to determine who is the true and lawful owner of the operating rights issued by the Interstate Commerce Commission. The court of appeal erred in holding otherwise. We must therefore reverse its decision and remand the case to that court for a determination of the merits of the appeal.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed, and the case is remanded to that court for further proceedings in accordance with the views herein expressed.

. 359 So.2d 1066 (La.App. 3d Cir. 1978).

. 360 So.2d 1179 (La. 1978).

. 49 U.S.C.A. § 312(b) provides:
Except as provided in section 5 of this title, any certificate or permit may be transferred, pursuant to such rules and regulations as the Commission may prescribe.

. Although private sales by contract are the usual method of transfer, it is apparent from the regulations of the Interstate Commerce Commission that transfers effected by operation of law through judicial proceedings are also contemplated. This is evidenced by 49 C.F.R. 1132.7 which reads as follows:
If any proposed transfer presented to the Commission for approval shall also require the authority or approval of any court, applicants shall file with the Commission, at the time of filing their application, a certified copy of the order of the court authorizing the transfer of the operating rights involved,

. Chandler Trailer Convoy, Inc. v. Rocky Mt. Towing Services, Inc., 37 Colo.App. 520, 552 P.2d 522 (1976); Lennon v. Habit, 216 N.C. 141, 4 S.E.2d 339 (1939); Royal Blue Coaches v. Delaware River Coach Lines, 140 N.J.Eq. 19, 52 A.2d 763 (1947); Costello v. Acco Transport, 33 Tenn.App. 411, 232 S.W.2d 297 (1950); Brown v. Smith, 32 Tenn.App. 622, 225 S.W.2d 91 (1949); Walker v. Central Freight Lines, Inc., 382 S.W.2d 125 (Tex.Civ.App.1964).

. See U. S. v. I. C. C., 396 U.S. 491, 90 S.Ct. 708, 24 L.Ed.2d 700 (1970); Watson Bros. Transp. Co. v. Jaffa, 143 F.2d 340 (8th Cir.1944); Texas & N. O. R. Co. v. Brotherhood of Railroad Trainmen, 307 F.2d 151 (5th Cir.1962).